UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No. 3:05-cr-272-J-33TEM

EDUARDO IRVIN
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion for Correction of Sentence if Remanded and Incorporated Memorandum of Law (Doc. # 86), filed by Irvin on February 16, 2007. Irvin requests that this Court enter an Order certifying that this case should be remanded for resentencing to correct an improper special assessment imposed at Irvin's original sentencing. Irvin's motion represents that the United States opposes the relief Irvin seeks. However, the United States has not filed a response.

On April 25, 2006, Irvin was sentenced to time served, one year of supervised release, and a special assessment of $100 (Doc. # 41) for falsely representing himself to be a U.S. citizen in April 1996 (Doc. # 42). Irvin's motion states that Irvin was convicted of an offense committed on April 1, 1996, and that the Court imposed a special assessment of $100. (Doc. # 86, at 1-2.) Irvin's motion argues that the statutory special assessment for crimes committed before April 24, 1996, was only $50. (Doc. # 86, at 2.) Thus, Irvin argues that the Court erred in imposing the $100 special assessment. (Doc. # 86, at 2.)

Irvin is correct that the special assessment amount is $50 for offenses taking place before April 24, 1996. United States v. Prather, 205 F.3d 1265, 1272 (11th Cir. 2000). Even where the defendant is convicted after April 24, 1996, the special assessment remains $50 for offenses committed before that date. Id. In this case, Irvin was convicted of an offense committed before April 24, 1996. The superseding information charged Irvin with only one count and specified that the offense was committed on April 1, 1996. (Doc. # 29.) Consequently, it was error to impose a special assessment in excess of $50, and this Court would resentence Irvin to a special assessment of $50 if the matter were again before the Court.

In United States v. Ellsworth, the Eleventh Circuit authorized a procedure whereby a defendant could file in the district court a motion directed to the district court after an appeal has been taken. 814 F.2d 613, 614 (11th Cir. 1987). In a proper case, the district court could certify that the motion should be granted. Id. The Eleventh Circuit would then have jurisdiction to entertain a motion to remand. Id. In conformity with the procedure authorized in Ellsworth, this Court certifies that Irvin's request for a correction of his sentence should be granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This Court certifies that Irvin's request for a correction of

2

his sentence should be granted.  If this case is remanded, this Court would correct Irvin's sentence by vacating the earlier special assessment of $100 and imposing a special assessment of $50.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>13th</u> day of April 2007.

                                                                                    /s/ Virginia M. Hernandez Covington
                                                                                    VIRGINIA M. HERNANDEZ COVINGTON
                                                                                    UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record
               Defendant

3